UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0943-JFW (AS) | | Date | July 22, 2024 |
|---|---|---|---|---|
| Title | Manuel Orona v. United States of America | | | |

Present: The Honorable   Alka Sagar, United States Magistrate Judge

| Alma Felix | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
| N/A | N/A |

**Proceedings:**  **(IN CHAMBERS)** ORDER REQUIRING PETITIONER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED

On May 03, 2024, Manuel Orona ("Petitioner"), who is currently in United States Immigration and Custom Enforcement ("ICE") custody and is proceeding pro se, filed a Petition for Writ of Habeas Corpus Ad Prosequendum and Ad Testificandum ("Petition") with a request for a Temporary Restraining Order ("TRO"). (Docket ("Dkt.") No. 1). The Petition, which names the United States as Respondent, sought Petitioner's temporary transfer from ICE custody to the San Bernardino County Superior Court so Petitioner could testify at a May 10, 2024 hearing in which he sought resentencing pursuant to California Penal Code ("P.C.") § 1172.6. (Petition at 1, 5); see also People v. Orona, 2023 WL 7211298, *1-5 (2023) (remanding Petitioner's P.C. § 1172.6 petition for further proceedings).

On May 6, 2024, the Court denied Petitioner's Motion for a TRO without prejudice, concluding "Petitioner has failed to meet the burden of demonstrating a likelihood of success on the merits and the possibility of irreparable injury, or the existence of serious questions on the merits and that the balance of hardships weighs heavily in their favor with respect to the issuance of a temporary restraining order." (Dkt. No. 4).

The hearing Petitioner sought to attend has passed. Moreover, a review of the docket in People v. Orona, San Bernardino County Superior Court case no. FSB17001220 ("Orona I") reveals that, on July 12, 2024, the Superior Court issued an Order for Temporary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0943-JFW (AS) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Manuel Orona v. United States of America | | |

Removal of Detainee from Ice Detention Center.[1]  Given these circumstances, it appears that Petitioner has already received the relief his Petition requests, and the pending Petition may be moot.  See Wallingford v. Bonta, 82 F.4th 797, 800-01 (9th Cir. 2023) ("'Mootness is a question of law,' and federal courts must consider mootness *sua sponte*[.]" (citation omitted)); Warren v. Cardwell, 621 F.2d 319, 322 (9th Cir. 1980) (case is moot when petitioner had already received relief sought in petition); Dean v. Bianco, 2020 WL 6435394, *2 (C.D. Cal.) ("Claims for habeas relief become moot when the party seeking relief has obtained the relief requested."), report and recommendation accepted by, 2020 WL 6392853 (C.D. Cal. 2020).

Additionally, since the United States is not the proper Respondent in this action, see Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent in a federal habeas corpus petition is the petitioner's 'immediate custodian.'" (citation omitted)), this Court currently lacks personal jurisdiction over the Petition.  See Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004) ("Smith named the State of Idaho – and not the state official having custody of him – as the respondent in his federal habeas petition. Thus, . . . the district court lacked personal jurisdiction over Smith's habeas petition."); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) ("Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order (by no later than **August 12, 2024**), why this action should not be dismissed as moot and for failure to name the proper Respondent.  Petitioner may submit declarations, affidavits, or any other relevant evidence with his response to this Order to Show Cause.  All affidavits and declarations must be signed under penalty of perjury by persons having personal knowledge of the facts stated in the affidavits or declarations.  Moreover, any response to the Order to Show Cause should identify the appropriate

---

[1]Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the docket sheet and relevant orders in Orona I.  See Rosales-Martinez v. Palmer, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-0943-JFW (AS) | Date | July 22, 2024 |
|---|---|---|---|
| Title | Manuel Orona v. United States of America | | |

Respondent in this matter.

If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of this action pursuant to Fed. R. Civ. P. 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that the failure to timely file a response to this Order to Show Cause and/or to show good cause may result in a recommendation that this action be dismissed as moot, for failure to name the proper Respondent, for failure to comply with the Court's order, and/or for failure to prosecute.

|  | 0 | : | 0 |
|---|---|---|---|
| Initials of Preparer | | AF | |